IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JONATHAN A. WHEELER, | : |
| | : |
| Plaintiff, | : |
| | : |
| V. | : |
| | : NO. 5:23-cv-00164-TES-CHW |
| JOSEPH POLITE, *et al.*, | : |
| | : |
| Defendants. | : |
| | : |

## ORDER

Plaintiff Jonathan A. Wheeler, a prisoner in the Georgia Diagnostic and Classification Prison in Jackson, Georgia, has filed a complaint pursuant to 42 U.S.C. § 1983. Compl., ECF No. 1. Plaintiff has also filed a motion for leave to proceed in this action *in forma pauperis*, Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2, and a motion to appoint counsel. Mot. to Appoint Counsel, ECF No. 4. Upon consideration of these filings, Plaintiff's motion to appoint counsel is **DENIED**. Additionally, Plaintiff's motion for leave to proceed *in forma pauperis* is **DENIED**, and Plaintiff is **ORDERED** to pay the $402.00 filing fee if he wants to proceed with this action.

## MOTION TO APPOINT COUNSEL

In his motion to appoint counsel, Plaintiff asserts that he is unable to afford counsel, his imprisonment will limit his ability to effectively litigate this case insofar as he has limited access to the law library and limited knowledge of the law, and counsel would be better able to present evidence and cross-examine witnesses at trial. Mot. to Appoint

Counsel 1, ECF No. 4.   As this is Plaintiff's first request for counsel in this case, the Court advises Plaintiff that "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986).   Appointment of counsel is a privilege that is justified only by exceptional circumstances.   *Id*.   In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented.   *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[1]

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff has set forth the essential factual allegations underlying his claims, and that the applicable legal doctrines are readily apparent.   As such, Plaintiff's motion for appointment of counsel is **DENIED**.   Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time.   Consequently, there is no need for Plaintiff to file additional requests for counsel.

## MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

The district courts may authorize the commencement of a civil action without prepayment of the normally required filing fee if the plaintiff shows that he is indigent and financially unable to pay the filing fee.   *See* 28 U.S.C. §1915(b).   A prisoner seeking to

---

[1] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel."   28 U.S.C. § 1915(e)(1).   The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case.   *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

proceed *in forma pauperis* under this section must provide the district court with both (1) an affidavit in support of his claim of indigence and (2) a certified copy of his prison "trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint." *Id.*

Here, Plaintiff's documentation shows that he has a spendable balance of $1,101.56 in his prisoner trust fund account. Mot. for Leave to Proceed *In Forma Pauperis* 5, ECF No. 2. Thus, Plaintiff has not established that he is unable to prepay the entire $402.00 fee. Accordingly, Plaintiff's motion to proceed *in forma pauperis* is now **DENIED**, and Plaintiff is **ORDERED** to pay the $402.00 filing fee if he wants to proceed with this action. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this order to pay the full filing fee.

If Plaintiff's circumstances have materially changed, such that Plaintiff is not able to pay the filing fee as ordered, Plaintiff may submit a renewed motion to proceed *in forma pauperis* explaining his present inability to pay with the same **FOURTEEN (14) DAY** period. Any renewed motion for leave to proceed *in forma pauperis* should be accompanied by a certified and updated copy of Plaintiff's prison trust fund account information, as required by 28 U.S.C. § 1915(a)(2). The Clerk is **DIRECTED** to mail Plaintiff a copy of the required forms he should use to submit any renewed motion for leave to proceed *in forma pauperis* with his service copy of this order (with the civil action number showing on both).

Plaintiff's failure to fully and timely comply with this order may result in the dismissal of this case. There will be no service of process in this case pending further

order of the Court. Once Plaintiff has paid the filing fee, his complaint will undergo a preliminary review pursuant to 28 U.S.C. § 1915A(a).

**SO ORDERED**, this 23rd day of June, 2023.

                                        s/ Charles H. Weigle
                                        Charles H. Weigle
                                        United States Magistrate Judge