IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JOHNATHAN A. WHEELER, | : | |
| Plaintiff, | : : : | |
| v. | : : | Case No. 5:23-cv-164-TES-CHW |
| JOSEPH POLITE, *et al.*, | : : | Proceedings Under 42 U.S.C. § 1983 Before the U.S. Magistrate Judge |
| Defendants. | : : | |

## REPORT AND RECOMMENDATION

Plaintiff Johnathan Wheeler, a state inmate, filed a *pro se* civil rights complaint seeking relief under 42 U.S.C. § 1983 regarding his confinement in the Special Management Unit (SMU) at Georgia Diagnostic & Classification Prison. (Docs. 1, 15). Defendants Williams, McCullen, Murray and Barber filed a motion to dismiss citing Plaintiff's failure to exhaust his administrative remedies. (Doc. 35). Plaintiff did not respond to the motion. Because Plaintiff failed to exhaust prior to filing suit, it is **RECOMMENDED** that Defendants' motion to dismiss be **GRANTED** and that Plaintiff's claims against all Defendants be **DISMISSED**.

## BACKGROUND

Plaintiff's complaint alleges constitutional violations regarding his incarceration at SMU. (Docs. 1, 15). The original complaint is undated but was received for filing March 17, 2023. (Doc. 1). Following the original screening of Plaintiff's complaint under 28 U.S.C. § 1915A, the Court permitted Plaintiff to amend his complaint. (Docs. 12, 14). After the amended complaint was screened, Plaintiff's excessive force claim against Defendants Williams, McCullen, and Murray; a conditions-of-confinement claim against Defendants Williams and Barber; and a medical

1

deliberate indifference claim against Defendants McCullen, Murray, and Harris were allowed to proceed. (Docs. 15, 19, 27). The incidents underlying the claims took place in April 2022. (*Id.*)

All Defendants have responded, except for Nurse Harris who has failed to answer despite being personally served on June 4, 2024. (Doc. 46). The remaining Defendants moved to dismiss Plaintiff's complaint because Plaintiff failed to properly exhaust his administrative remedies as to any claim before bringing suit. (Doc. 35). Plaintiff did not respond to the motion to dismiss. As explained below, Plaintiff failed to exhaust as to all the claims in this suit, and therefore, it is appropriate to dismiss Plaintiff's claims against Defendants Williams, McCullen, Murray, and Barber, but also against Defendant Harris.

## The Exhaustion Requirement

The Prison Litigation Reform Act (PLRA) requires prisoners to exhaust available administrative remedies before bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law. 42 U.S.C. § 1997e(a). Exhaustion in this context means proper exhaustion: prisoners must "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in a federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). The exhaustion requirement is "designed to eliminate unwarranted federal-court interference with the administration of prisons" by "seek[ing] to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Turner v. Burnside*, 541 F.3d 1077, 1085 (11th Cir. 2008).

The Eleventh Circuit's *Turner* opinion establishes a two-step process for reviewing motions to dismiss based on a prisoner's failure to exhaust. A reviewing court first "looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is

entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id*. at 1082. Second, if the complaint is not dismissed under step one, "the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion. …Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." *Id*. at 1082-83 (internal citations omitted). As failure to exhaust is an affirmative defense under the PLRA, "defendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies." *Id.*

## Grievance Procedure

The grievance procedure applicable in this case is set by the Georgia Department of Corrections (GDOC) Standard Operating Procedure No. 227.02. (Doc. 35-3). Under that procedure, prisoners must follow a two-step process by first filing an "original grievance" within 10 days of the grievable issue. (*Id*. at 8).[1] Prisoners may file outside of the 10-day window if they show good cause. (*Id*.). The original grievance is then screened by prison staff, and typically either rejected or accepted for processing. (*Id*. at 9). The grievance procedure further provides that a response of some kind is due within 40 days of the date of a grievance's submission, with the possibility of a 10-day extension on written notice. (*Id*. at 11). On expiration of the response period or on the prisoner's receipt of a response, the prisoner must proceed to step two by filing a "central office appeal" within seven days. (*Id*. at 14). The grievance procedure then contemplates a 120-day period in which the Commissioner may give a response. (*Id*. at 15).

## ANALYSIS

Defendants Williams, McCullen, Murray, and Barber move to dismiss the claims against

---

[1] The referenced page numbers cite to the policy itself and not the document to which the policy was attached.

them because Plaintiff failed to file a grievance about his claims and, therefore, did not exhaust his available administrative remedies as required by the PLRA. (Doc. 35). Plaintiff did not respond to the motion despite being granted an extension of time to respond. (Docs. 43, 44). In his complaint, Plaintiff stated that he filed grievances, but he received no response or was otherwise unable to appeal. (Doc. 1, p. 3, 11; Doc. 15, p. 8). As explained below, Plaintiff failed to properly exhaust his claims before filing suit.

In considering whether dismissal for failure to exhaust is appropriate under *Turner*'s step one, a court must first consider all the facts alleged in the complaint and construe them in favor of Plaintiff when the facts conflict. Plaintiff alleges generally that he filed grievances about the matters in his complaint but received no response. (Doc. 1, p. 3, 11; Doc. 15, p. 8). Defendants do not contest that, when the record is construed in Plaintiff's favor, Plaintiff's claims survive under step one of *Turner*, and the analysis moves on to *Turner*'s second step. (Doc. 35-1, p. 4).

Under *Turner*'s second step, any disputed facts must be examined to determine if the administrative remedies were available and, if they were, whether Plaintiff exhausted those available administrative remedies prior to filing suit. In support of their motion to dismiss for failure to exhaust, Defendants provided a declaration from Alex Tillman, whose job duties include being the Grievance Coordinator at SMU (Doc. 35-2), a copy of Plaintiff's grievance history (Doc. 35-4), and records for one grievance, Grievance No. 353028. (Doc. 35-5). Plaintiff's grievance history log shows that between April 2021 and November 2023, Plaintiff filed 11 grievances about issues at the SMU. (Doc. 35-4). The incidents underlying Plaintiff's claims occurred in April 2022, but no grievance appears on Plaintiff's grievance history from January 19, 2022, until May 3, 2023, when Plaintiff filed Grievance No. 353028. (*Id.*)

Plaintiff filed Grievance No. 353028 to complain about property that was either misplaced

4

or purchased but not received in January and February 2021, October and November 2021, and July to November 2022. (Doc. 35-5, p. 4). Under the requested resolution, Plaintiff asked to be provided with or reimbursed for the missing items. (*Id*.) The grievance was rejected on June 29, 2023, because Plaintiff grieved more than one issue occurring on more than one date. (*Id*.) Plaintiff acknowledged the decision on June 30, 2023. (*Id*.) He appealed the rejection. (*Id*., p. 1). The appeal was rejected because the grievance was filed out of time. (*Id*., p. 3).

While Plaintiff did not respond to the motion to dismiss in this case, Plaintiff did respond to motions to dismiss for failure to exhaust in two other cases regarding his incarceration in the SMU. *See Wheeler v. Polite*, 5:22-cv-403-MTT-CHW (*Wheeler I*) and *Wheeler v. Polite*, 5:23-cv-199-MTT-CHW (*Wheeler III*).[2] In *Wheeler 1*, Plaintiff argued that he had filed grievances for his various claims and provided receipts of grievances purportedly filed with prison officials but not reflected on his grievance history. (*Wheeler I*, Doc. 72-1). Plaintiff presented similar arguments and receipts in *Wheeler III*. (*Wheeler III*, Docs. 41-1, 41-9). Out of an abundance of caution and with consideration to Plaintiff as a *pro se* litigant, the receipts provided in *Wheeler 1* and *Wheeler III* were reviewed for applicability to the instant case. None of the receipts appears connected to an incident from April 2022 or lists any date that would suggest timely exhaustion for an April 2022 incident. Therefore, the record shows that Plaintiff filed no grievance for any incident concerning the April 2022 incidents underlying the claims in this case.

Because Plaintiff failed to file a grievance about his claims, Plaintiff did not properly exhaust. To the extent that Plaintiff would argue that a lack of response to his alleged grievances kept him from the grievance process and thus excused him from exhausting, the Eleventh Circuit has specifically rejected this argument. In *Garcia v. Obasi*, the plaintiff argued that prison officials

---

[2] These cases have either been dismissed or have pending recommendations to dismiss for Plaintiff's failure to exhaust.

5

essentially waived an exhaustion defense because they had not complied with grievance policy deadlines. *Garcia v. Obasi*, 2022 WL 669611, *4 (11th Cir. March 7, 2022) (citing *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000)). The court found that the warden's failure to provide a timely response did not make a central appeal unavailable. *Id*. The *Garcia* Court reiterated that exhaustion of the grievance process – from submission of a formal grievance through appeal to the central office – was a precondition before filing suit under the PLRA. *Garcia*, 2022 WL 996611 at *5; *see also Bryant v. Rich*, 530 F.3d 1368, 1378 (11th Cir. 2008) (explaining "[t]o exhaust administrative remedies in accordance with the PLRA, prisoners 'must properly take each step within the administrative process.'") (internal citations omitted)). Additionally, the prison's grievance policy specifically permits an inmate to appeal a grievance for which no response was received once the time for the warden's decision expires. (Doc. 35-3, p. 14).

Because Plaintiff did not fully exhaust his administrative remedies prior to filing suit as required by the PLRA, Plaintiff's complaint should be dismissed under the second step of *Turner*. Plaintiff's failure to exhaust is apparent from the record and extends to all of the claims in this action. Therefore, Plaintiff's claim against Defendant Harris should be dismissed as well. *See, e.g., Strattan v. Langford*, 2008 WL 150457 at *2 (M.D. Fla. Jan. 14, 2008) ("When an affirmative defense is obvious from the face of a complaint or a court's records, it is not necessary to await the defendant's responsive pleading to raise the defense) (citing *Clark v. State of Ga. Pardons and Paroles Board,* 915, F.2d 636, 641, n. 1 and *Miller v. Woodham*, 2006 WL 955748 at *1 (11th Cir., 2006); *see also Soler v. Bureau of Prisons*, 2007 WL 496472 at *1 (N.D. Fla. Feb. 12, 2007) (clarifying that while a plaintiff does not have to plead exhaustion, it is also proper to dismiss claims when the pleadings and evidence in the record demonstrate that claims have not been fully exhausted) (citing *Jones v. Bock*, 549 U.S. 199 (2007).

6

## CONCLUSION

Because Plaintiff did not properly exhaust the available remedies before bringing this action it is **RECOMMENDED** that Defendants' motion to dismiss (Doc. 35) be **GRANTED** and that Plaintiff's claims against all Defendants be **DISMISSED**.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof. Any objection is limited in length to **TWENTY (20) PAGES.** See M.D. Ga. L.R. 7.4. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 23rd day of October, 2024.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge